

**SO ORDERED.**

**SIGNED this 17 day of June, 2008.**

Dale L. Somers
UNITED STATES BANKRUPTCY JUDGE

_____

Opinion Designated for Electronic Use, But Not for Print Publication
IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| In Re: | |
| DAVID ALLEN TIBBETTS, | CASE NO. 07-12520-7 |
| DEBTOR. | CHAPTER 7 |
| BLUE EAGLE INVESTIGATIONS, INC., | |
| PLAINTIFF, | |
| v. | ADV. NO. 08-5021 |
| DAVID ALLEN TIBBETTS, | |
| DEFENDANT. | |

**OPINION DENYING DEFENDANT-DEBTOR'S MOTION TO DISMISS**

This proceeding is before the Court on the Defendant-Debtor's motion to dismiss

the Plaintiff's Corrected Objection to Discharge. The Debtor appears by counsel Donald C. Astle. The Plaintiff appears by counsel Glen E. Sharp. The Court has reviewed the pleadings and is now ready to rule.

**FACTS**

On the last day to file complaints objecting to the dischargeability of any of the Debtor's debts, the Plaintiff filed a pleading labeled "Objection to Discharge and Motion to Lift Stay to Enforce Judgment" (Objection), submitting it to the Court's electronic filing system as a stay relief motion in the Debtor's main bankruptcy case.[1] The Objection included the caption only for the main bankruptcy case, and the Plaintiff paid the filing fee imposed on stay relief motions. The body of the Objection, though, indicated it might be something different. It said the Debtor had been found liable in a state court lawsuit for civil fraud, and alleged the fraud was excepted from discharge under § 523(a)(2). It also said the Debtor defrauded the Plaintiff of $10,133.50 "by false pretenses and writing." The Plaintiff prayed for: (1) a determination that the debt would not be discharged "under § 727(c)(1) and § 523(a)(2)," and (2) stay relief so it could enforce its judgment in state court. The Plaintiff reported that it served the Objection electronically on the Debtor's attorney and mailed a copy of it to the Debtor himself.

The day after the pleading was filed, the Clerk's Office sent an "Order to Correct Defective Pleading" to the Plaintiff's attorney, giving him 15 days to correct the

---

[1]Case No. 07-12520-7, Docket No. 11.

pleading's defects.[2] The order said, "The following pleading was filed in this matter and is defective for the following reason(s): *11 — Motion for Relief from Stay. Fee Amount $150, Filed on behalf of Creditor Blue Eagle Investigations, Inc., with Certificate of Service. (Sharp, Glen)."* Although the Objection was thus identified, the order stated no reason why the Objection was defective.

Nevertheless, on the 15th day after the order was sent, the Plaintiff's attorney filed a pleading labeled "Corrected Objection to Discharge" (Corrected Objection).[3] Like the Objection, the Corrected Objection included the caption only for the Debtor's main bankruptcy case, but this time, the Plaintiff submitted it to the electronic filing system as an adversary complaint, and paid the fee for filing an adversary proceeding.[4] The Plaintiff also requested issuance of a summons. The Corrected Objection repeated the allegation the Debtor had been found liable in a state court lawsuit for civil fraud, adding that a default judgment had been entered against the Debtor for damages, attorney fees, and costs, a total of $11,244.35. It asserted the judgment was nondischargeable under § 523(a)(2), and alleged the Debtor had defrauded the Plaintiff out of $10,133.50 "by false pretense and writing." The Plaintiff objected to the Debtor's discharge of the civil fraud judgment, and said the judgment was exempt from discharge under § 523(a)(2) and § 727(c)(1). The Plaintiff said the debt had grown to $13,000 due to accrued interest and

---

[2]Main case, Docket No. 13.

[3]Adv. No. 08-5021, Docket No. 1.

[4]*See* Adv. No. 08-5021, Docket No. 1.

3

additional attorney fees.  Finally, the Plaintiff alleged venue and jurisdiction were proper because the Corrected Objection "is a core proceeding."  A day before the Corrected Objection was submitted to the Court's filing system, the Plaintiff electronically served a copy on the Debtor's attorney and mailed a copy to the Debtor.  After the Corrected Objection was filed, a summons was issued, but it appears to have suffered from a computer error that formatted it with most of the words run together, making it very difficult to read.  Perhaps for this reason, the Plaintiff requested another summons two days later and the one issued that day was properly formatted.

Just three days after the second summons was issued, the Debtor filed a motion to dismiss.  This three-sentence motion complained only that the Corrected Objection was filed after the deadline for filing dischargeability complaints had expired.  The Plaintiff objected to the motion, pointing out (1) the Objection had been filed before the deadline expired, and (2) it had filed the Corrected Objection within the time provided by the order to correct the Objection.  According to the return of service that was filed, the Plaintiff served the summons and a copy of the Corrected Objection on the Debtor by mail three days *after* the Debtor filed his motion to dismiss.  Later, within the answer time fixed by the summons, the Debtor filed a pleading labeled "Answer to Plaintiff's 'Corrected Objection' to Discharge."  The text of this pleading clearly responds to the numbered paragraphs of the Corrected Objection, and thus constitutes an answer to that complaint; the docket text, however, labels the pleading as a response to the Plaintiff's objection to the Debtor's motion to dismiss.  The Debtor did not allege that the Plaintiff's Corrected

4

Objection failed to state a claim for relief.

At a hearing on April 14, 2008, the parties informed the Court they did not wish to file briefs addressing the Debtor's motion to dismiss. Consequently, the Court will decide this dispute based on the materials already submitted.

**DISCUSSION**

Section 523(a)(2) excepts from a Chapter 7 debtor's discharge certain debts involving (A) false pretenses, a false representation, or actual fraud, and (B) use of a false written statement respecting the debtor's financial condition. Section 523(c)(1) provides that a debt covered by § 523(a)(2), among others, is nevertheless discharged unless the creditor asks the Court to determine the debt is excepted from discharge. Federal Rule of Bankruptcy Procedure 4007(c) specifies that a complaint to determine the dischargeability of a debt under § 523(c) is to be filed no later than 60 days after the first date set for the meeting of creditors. Bankruptcy Rule 7001(6) provides that "a proceeding to determine the dischargeability of a debt" is an adversary proceeding. This means that under Bankruptcy Rule 7003, which adopts Civil Rule 3, the proceeding should be commenced by filing a complaint. In this case, the Court must determine whether a creditor can satisfy Rule 4007(c)'s deadline by filing a pleading other than a formal complaint.

The Court has found no Tenth Circuit decisions on addressing this question, but on three occasions, the Ninth Circuit has considered whether a document a creditor filed before the expiration of either Rule 4007(c)'s deadline for contesting the dischargeability

5

of a debt or Rule 4004(a)'s similar deadline for contesting the debtor's right to discharge any debts was sufficient to meet the applicable deadline even though the document was not in the form of an adversary complaint. Ultimately, the Ninth Circuit's rulings turned on whether the creditor's document satisfied the requirements for complaints specified in Civil Rule 8(a), made applicable to adversary proceedings by Bankruptcy Rule 7008(a).

In *Classic Auto Refinishing, Inc., v. Marino (In re Marino)*,[5] a creditor argued an Opposition to Sale it had filed in the main bankruptcy case should be treated as a complaint sufficient to satisfy the Rule 4007(c) deadine, but the Ninth Circuit ruled it should not. The Circuit pointed out the Opposition to Sale did not demand a judgment of nondischargeability, was not captioned as a pleading, did not contain the correct file number, and did not state whether the dispute it concerned was core or non-core.[6] Consequently, the Circuit concluded, the document did not give the debtor fair notice of the creditor's nondischargeability claim or the grounds on which it rested, and a proper complaint the creditor filed after the Rule 4007(c) deadline could not relate back to it.[7]

In *Dominguez v. Miller (In re Dominguez)*,[8] creditors argued a "Memorandum Re: Relationship between Order Confirming Trustee's Plan and Debtor's Discharge" they had filed in the main bankruptcy case should be treated as a complaint sufficient to satisfy

---

[5]37 F.3d 1354 (9th Cir. 1994).

[6]*Id.* at 1357.

[7]*Id*. at 1357-58.

[8]51 F.3d 1502 (9th Cir. 1995).

6

Rule 4004(a)'s deadline for objecting to the debtor's discharge, and the Ninth Circuit agreed with them. The Circuit said the *Marino* decision was based "on the necessity of providing adequate notice to the debtor of the nature of the claims and the relief requested."[9] Unlike the document in *Marino*, the Circuit said the memorandum involved here cited the statutory criteria the creditors relied on to oppose the discharge, referred to specific evidence to support their allegations the criteria had been satisfied, and stated their claim for relief.[10]

Finally, in *Markus v. Gschwend (In re Markus)*,[11] the Ninth Circuit considered whether a "Motion to Object to Debtor's Discharge and Convert the Chapter 7 Case to Chapter 13" that a creditor filed in the main bankruptcy case should be treated as a complaint sufficient to meet Rule 4007(c)'s deadline, and concluded it should not. The Circuit said the document (1) included factual allegations concerning only the debtor's assets and how she treated them after the creditor obtained a judgment against her, (2) failed to identify any Bankruptcy Code section or criteria for nondischargeability, (3) did not claim confirmation could not discharge the debt, but instead alleged the debtor had sufficient assets to pay the debt, (4) did not set forth facts concerning the conduct that created the debt, and (5) did not claim relief based on nondischargeability.[12] The Circuit

---

[9]*Id*. at 1509.

[10]*Id*.

[11]313 F.3d 1146 (9th Cir. 2002).

[12]*Id*. at 1149-50.

7

went on to point out that the creditor's later-filed complaint could not relate back to the motion because the complaint clearly concerned different alleged fraud than the fraud mentioned in the motion.[13]

These decisions indicate the Plaintiff's Objection was sufficient to meet Rule 4007(c)'s deadline so long as it gave the Debtor notice the Plaintiff was claiming his debt to it was nondischargeable and was seeking a judgment excepting the debt from discharge. The Court believes the Objection did these things. It alleged the Debtor had been found liable in a judgment for civil fraud, cited § 523(a)(2) as the applicable provision of the Bankruptcy Code, and prayed for a determination the debt would not be discharged. The Objection did not affirmatively allege a basis for the Court's subject matter jurisdiction as called for by Civil Rule 8(a)(1), but the Tenth Circuit has indicated that requirement can be deemed satisfied when review of an entire complaint, or even materials outside the complaint, reveals a proper basis for jurisdiction.[14] Under 28 U.S.C.A. § 1334(b), this Court always has subject matter jurisdiction to determine the dischargeability of any debt owed by the debtor in a case pending before it. Although Bankruptcy Rule 7008(a) requires an adversary complaint to state whether the proceeding is core or non-core and the Plaintiff's Objection does not, the absence of such a statement

---

[13]*Id*. at 1150-51.

[14]*See Vukonich v. Civil Service Comm'n*, 589 F.2d 494, 496 n.1 (10th Cir. 1978) (complaint revealed proper basis for jurisdiction other than one improperly asserted by pleader); *Kelleam v. Maryland Casualty Co.*, 112 F.2d 940, 943 (10th Cir. 1940), *rev'd on other grounds* 312 U.S. 377 (1941) (failure to allege jurisdiction based on diversity of citizenship not fatal if diversity in fact existed as established anywhere in record).

is not a basis to dismiss a complaint.[15]

Furthermore, fifty years ago, the Supreme Court said, "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits."[16] Within Rule 4007(c)'s deadline, the Plaintiff's Objection adequately informed the Debtor that the Plaintiff claimed his debt to it should be excepted from discharge and was seeking a judgment to that effect, so the Plaintiff could thereafter, under Civil Rule 15(a)(2) (made applicable by Bankruptcy Rule 7015), seek leave to amend its pleading, which the Court is to "freely give . . . when justice so requires." To the extent leave might still be required in this case, the Court hereby authorizes the Plaintiff's amendment of the Objection by the filing of its Corrected Objection.

**CONCLUSION**

For these reasons, the Court concludes the Plaintiff's Objection satisfied Bankruptcy Rule 4007(c)'s deadline for contesting the dischargeability of the debt the

---

[15]*See First National Bank v. Thiede (In re Thiede)*, 2003 WL 23842518, slip op. at *2 (Bankr. D. Kan. 2003) (Karlin, J.); *In re Edwards*, 112 B.R. 30, 31 (Bankr. W.D. Mo. 1990); *In re Painter*, 84 B.R. 59, 61 (Bankr. W.D. Va. 1988).

[16]*Conley v. Gibson*, 355 U.S. 41, 48 (1957). Recently, the Supreme Court disavowed part of the *Conley* decision, but did not change its attitude that parties are entitled to a chance to amend their pleadings to correct deficiencies, if they can. *See Bell Atlantic Corp. v. Twombly*, ___ U.S. ___, 127 S.Ct. 1955, 1968-69 (2007) (explaining *Conley*'s statement that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" described breadth of opportunity to prove claims made in adequate complaint, not the minimum pleading standard complaint must meet to survive motion to dismiss).

9

Debtor owes it. Consequently, the Debtor's motion to dismiss the Plaintiff's Corrected Objection on the ground it was filed after that deadline expired is denied.

# # #

10